Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343

Kevin Lemiexu (SBN 225886)
**THE LAW OFFICE OF KEVIN LEMIEUX, APC**
Kevin@LawyerKevin.com
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 619-488-6767

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER MELINGONIS, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>SO-CAL CAPITAL, INC., AND SOCAL METRO HOLDINGS, LLC<br><br>Defendants. | Case No: 3:26-CV-01781-BTM-AHG<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION AT 47 U.S.C. § 227<br><br>JURY DEMAND |

## CLASS ACTION COMPLAINT

1. Plaintiff CHRISTOPHER MELINGONIS ("Plaintiff") brings this class action against Defendant SOCAL METRO HOLDINGS, LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

2. The Supreme Court may have stated it best: "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls (and texts). The Federal Government receives a staggering number of complaints about robocalls – 3.7 million complaints in 2019 alone." *Barr v. Am. Ass'n of Political Consultants* (2020) 140 S. Ct. 2335, 2343.
3. Telemarketing calls and texts are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991, 47 U.S.C. Section 227 ("TCPA").
4. Congress further passed the Do-Not-Call Implementation Act of 2003, 15 U.S.C. Section 6101 to allow people to register their phone numbers with the Federal Trade Commission.
5. The TCPA affords special protections for people who, like Plaintiff, are registered on the Do-Not-Call List.
6. The United States Court of Appeals for the Ninth Circuit held that "unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified." *Van Patten v. Vertical Fitness Grp.,* No. 14-55980, 2017 U.S. App. LEXIS 1591, at 12 (9th Cir. 2016) (citations omitted) (emphasis in the original).
7. Receiving unwanted telemarketing communications is a problem most people face in this country. According to online robocall tracking service "YouMail,"

4.4 billion robocalls & texts were placed in December 2024 alone, at a stunning rate of about 140 million per day.[1]

## NATURE OF THE ACTION

8. This is a putative class action brought pursuant to the TCPA.
9. To promote its goods and services, Defendant engages in telemarketing text messages to phone numbers on the Do-Not-Call list.
10. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct toward Plaintiff and the Class Members. Plaintiff also seeks statutory damages on behalf of herself and the Class Members, and any other available legal or equitable remedies.

## PARTIES

11. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of San Diego, California.
12. Defendant is a California State business entity.
13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successor, assigns, principals, trustees, sureties, representatives, vendors, and insurers of Defendant.

## JURISDICTION AND VENUE

14. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331, as the action arises under the TCPA, 47 U.S.C. § 227.
15. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District. Additionally, Plaintiff's telephone number has an area code that is assigned to San Diego, California.

//

//

[1] Robocall Complaint Statistics, ROBOCALL INDEX, www.robocallindex.com (last accessed December 11, 2025).

## FACTS

16. On or around April 5, 2005, Plaintiff registered his cell phone number ending in 9812 on the national Do-Not-Call Registry. The Do-Not-Call Registry forbids telemarketing calls and texts messages to individuals on the list without prior authorization.

17. Plaintiff never authorized or had a prior business relationship with Defendant.

18. Despite Plaintiff's number being registered on the National Do-Not-Call Registry, Defendant sent Plaintiff unsolicited text messages to his cellular telephone on the following dates, without prior express consent: April 22, 2025; June 9, 2025; July 28, 2025; October 9, 2025; January 5, 2026; February 19, 2026; and March 4, 2026.

19. Screenshots of the unsolicited text messages referenced above are included below.




2:13
(760) 330-4857
Monday, Jul 28 • 3:45 PM
Hey Christopher, It's Ash at SoCal Metro Holdings. I'm checking in to see if you happen to have any listings in need of a full remodel or update?
Thursday, Oct 9 • 2:16 PM
Hey Christopher, It's Ash at SoCal Metro Holdings. Your fixer-upper buyer. Do you have any listings or opportunities that need a cash offer & quick close?
Monday, Jan 5 • 3:12 PM
Hey Christopher, It's Ash at SoCal Metro Holdings. I wanted to circle back with you. Need a few more properties this month in need of work & a quick close.
Text message


2:13
(760) 330-4857
Monday, Jan 5 • 3:12 PM
Hey Christopher, It's Ash at SoCal Metro Holdings. I wanted to circle back with you. Need a few more properties this month in need of work & a quick close.
Thursday, Feb 19 • 1:10 PM
Hey Christopher, It's Ash at SoCal Metro Holdings. Your fixer-upper buyer. Do you have any listings or opportunities that need a cash offer & quick close?
Wednesday, Mar 4 • 10:31 AM
Hey Christopher, It's Ash at SoCal Metro Holdings. I wanted to circle back with you. Need a few more properties this month in need of work & a quick close.
10:31 AM
Text message

20. Each of the text messages described above was non-solicited, telemarketing in nature, and sent despite Plaintiff's long-standing registration on the National Do-Not-Call Registry.

21. Plaintiff is regularly bombarded with unsolicited calls and text messages, including those originating from Defendant.

22. Plaintiff believes it is highly unlikely that Defendant will honor Plaintiff's wishes for the text messages to stop, hence is forced to bring this action.

23. Plaintiff is the regular user of the telephone number that received the above solicitations.

24. Plaintiff utilizes the cellular telephone number for business and personal purposes.

## STANDING

25. Standing is proper under Article III of the Constitution of the United States because Plaintiff's claims state (1) a valid injury in fact, (2) which is traceable to the conduct of Defendant, and (3) is likely to be redressed by a favorable judicial decision. See *Spokeo, Inc. v. Robins* (2016) 136 S.Ct. 1540, 1547.

## CLASS ALLEGATIONS

26. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. The class that Plaintiff seeks to represent ("Class") is defined as:

> All persons in the United States whose telephone numbers were listed on the National Do-Not-Call Registry and who, from four (4) years prior to the filing of this Complaint through the date of class certification, received one or more calls or text messages from Defendant, or from any person acting on Defendant's behalf, after revoking consent.

27. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

28. Defendant and their employees or agents are excluded from the Class.

//

//

//

## NUMEROSITY

29. Upon information and belief, Plaintiff believes the number of members in the Class are in the several thousand. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30. The exact number and identities of Class Members are unknown at the time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

31. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a) Whether Defendant initiated solicitation text messages to persons who listed their phone numbers with the Do-Not-Call List.

b) Whether Defendant is liable for damages, and the amount of such damages.

32. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely contacts persons whose number is listed with the Do-Not-Call List, Plaintiff and Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

33. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF CLASS MEMBERS

34. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

35. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all

members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

36. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF 47 U.S.C. § 227 et seq. AND 64.1200(c)**

**(On Behalf of Plaintiff and the Class)**

37. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including 47 U.S.C Section 227 et seq., and implementing regulation 47 C.F.R. Section 64.1200(c).

38. No entity shall initiate any telephone solicitation to a residential telephone subscriber who has been registered on the National Do-Not-Call Registry under 47 C.F.R. § 64.1200(c)(2) without consent.

39. Defendant is an entity subject to 47 C.F.R. § 64.1200(c) by way of 47 C.F.R. § 64.1200(e).

40. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers, such as Plaintiff and Class members, who registered their telephone numbers on the National Do-Not-Call Registry.

41. As a result of Defendant's negligent violations of the TCPA, Plaintiff and each member of the Class are entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

42. As a result of Defendant's knowing or willful violations of the law, Plaintiff and each member of the Class are entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to grant Plaintiff and Class members the following relief against Defendant:

- Certify the Class as requested herein;-
- Appoint Plaintiff to serve as the Representative of the Classes; and
- Appoint Plaintiff's Counsel as Counsel of the Classes.

43. In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:

a) An award of statutory damages for Plaintiff and each Class member as applicable under the TCPA;

b) An order declaring that Defendant's actions, as outlined above, violates the TCPA;

c) An award of attorney's fees, costs, and interest as allowed by applicable law; and,

d) Any other relief the Court may deem just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

//

//

//

//

## JURY DEMAND

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demand, a trial by jury.

Date: March 26, 2026

**SWIGART LAW GROUP, APC**

By: *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com