# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER MELINGONIS, individually and on behalf of others similarly situated,

Plaintiff,

v.

SOCAL METRO HOLDINGS, LLC,

Defendant.

Case No.: 3:26-cv-01781-BTM-AHG

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

**[ECF NO. 3]**

Plaintiff Melingonis filed an amended complaint on March 26, 2026, alleging that Defendant SoCal Metro Holdings, LLC, had violated the Telephone Consumer Protection Act, 47 U.S.C. § 227. (ECF No. 3 ("Am. Compl.").) On October 8, 2026, the Court ordered the Plaintiff to show cause whether "his action should be dismissed for failure to serve the Defendant." (ECF No. 6 (citing Fed. R. Civ. P. 4(m)).) In his initial response, the Plaintiff stated that he was unable to locate an appropriate agent for service of process for the Defendant. (ECF No. 8.) Because the Plaintiff neither provided the dates for when he attempted the prior service nor explained why service had taken almost seven months to be effectuated, the Court ordered him to file a supplemental response. (ECF No. 9.) The

Court ordered him to "explain in detail his efforts to serve the Defendant, including the dates that he attempted to serve the Defendant." (*Id.*)

The Plaintiff's supplemental response states that he first attempted to serve the Defendant on April 13, 2026, at the Defendant's office address listed on the California Secretary of State's business search website. (ECF No. 10, at 2.) Service could not be effectuated because the address was located on a nonexistent floor of the building. Next, the Plaintiff contacted the Defendant's previous counsel on June 6, 2026, to ask if counsel would accept service. Counsel stated that they no longer represented the Defendant. Then, on October 22, 2026—138 days after the previous attempt and after the Court ordered the Plaintiff to show cause—the Plaintiff identified Defendant's registered agent for service on file with the California Secretary of State and sent a summons and the amended complaint for service. He again requests that the Court discharge its order to show cause and extend the time for him to serve the Defendant to November 23, 2026.

The Court must dismiss an action without prejudice if a defendant is not served within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). But this rule "provides two avenues for relief." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). First, the Court must extend time for service on a showing of "good cause." *Id.* (citing *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001)) Second, the Court may extend time for service in the absence of good cause on a showing of "excusable neglect." *Id.* "District courts have broad discretion to extend time for service" even without a showing of good cause. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

To demonstrate good cause, a plaintiff must, "[a]t minimum," show excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). This may include showing whether "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* For example, a plaintiff may argue that dismissal for untimely service may prejudice her action because of a statute of limitations bar. *Efaw*, 473 F.3d at 1041. A plaintiff may also explain late filings caused by "inadvertence,

mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993); *cf. id.* at 392 ("[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' . . . .").

The Plaintiff provided no information on any factor. After the Court required the Plaintiff to demonstrate good cause and "explain *in detail*" his efforts to serve the Defendant, "including the dates" of service, he filed a supplemental response that provides the dates of prior service but is otherwise nearly identical to the initial response. (*See* ECF No. 10.) He provided no explanation why service has taken seven months to be effectuated, or why 138 days elapsed after his June 6 attempt before he attempted service again.

Furthermore, the Court finds that the Plaintiff likely would not suffer prejudice from dismissal of his claim. "The [Telephone Consumer Protection Act] has a four-year statute of limitations." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015); *see also Ewing v. Freedom Forever LLC*, No. 20-cv-880, 2021 WL 1087100, at *4 (S.D. Cal. Mar. 22, 2021) (collecting cases). Here, the Plaintiff alleges that the Defendant first violated the Act on April 22, 2025—less than two years from the entry of this Order. (Am. Compl. ¶ 18.) Should the Plaintiff wish to renew his cause of action against the Defendant after this dismissal, he likely may do so.

Because the Plaintiff has not shown good cause or excusable neglect for his untimely service of process, his request to extend the time to serve the Defendant is denied. The action is **DISMISSED** without prejudice. Fed. R. Civ. P. 4(m); *see United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004) ("If the court declines to extend the time for service of process, the court shall dismiss the suit without prejudice; it shall not enter judgment in the case.").

**IT IS SO ORDERED.**

Dated: November 2, 2026

Honorable Barry Ted Moskowitz
United States District Judge